UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

GREGORY JONES,

        Plaintiff,                             Case No. 2:24-cv-164

v.                                               Honorable Hala Y. Jarbou

UNKNOWN PARTY,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court has granted Plaintiff leave to proceed *in forma pauperis.* Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.[1]

---

[1] On October 8, 2024, Plaintiff submitted a letter to the Court, stating that "some forms" that Plaintiff had submitted to the Court were incomplete and requesting the original copy to make "the right adjustments." (ECF No. 4, PageID.11.) On October 16, 2024, the Clerk's Office provided Plaintiff with a written response, indicating that it was unable to send Plaintiff the original copy of a document that had been filed with the Court. (ECF No. 4-1, PageID.14.) However, the Clerk's Office provided Plaintiff with an amended complaint form in the event that Plaintiff wished to file

**Discussion**

I.    **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues an unknown party whom he identifies in the body of the complaint as the AMF Head Food Stewardess.

In his complaint, Plaintiff alleges that he and "a lot of other inmates got sick" because the "chow hall" served "rotten food." (Compl., ECF No. 1, PageID.3.) Plaintiff seeks monetary relief. (*Id.*, PageID.4.)

II.    **Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer

---

an amended complaint. (*Id.*) Nearly four months have passed, and Plaintiff has not filed an amended complaint.

possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Based on the foregoing factual allegations, the Court will liberally construe Plaintiff's complaint to include an Eighth Amendment claim for unconstitutional conditions of confinement against the Defendant Head Food Stewardess. However, even accepting Plaintiff's allegations as true as is required at this stage, Plaintiff's complaint fails to state a claim upon which relief can be granted.

First, Plaintiff alleges no facts whatsoever regarding any actions by the Defendant Head Food Stewardess. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 545 (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials [or entities] arising from alleged

3

violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person or entity is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Plaintiff fails to even mention, much less attribute any misconduct to, the Defendant Head Food Stewardess. His allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Second, to the extent that Plaintiff seeks to hold Defendant Head Food Stewardess liable based upon her supervisory role, it is well settled that government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567,

4

575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff fails to allege any facts that would plausibly suggest that Defendant Head Food Stewardess authorized, approved, or knowingly acquiesced in any unconstitutional conduct. Therefore, Plaintiff fails to state a claim against Defendant Head Food Stewardess arising out of her supervisory role.

Finally, even without regard to Plaintiff's failure to name a proper defendant, Plaintiff fails to state an Eighth Amendment claim. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998).

The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

To prevail on an Eighth Amendment claim, a prisoner must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying the deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying the deliberate indifference standard to conditions of confinement claims). The deliberate-indifference

6

standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836.

Under the Eighth Amendment, prison officials are charged with ensuring that "prisoners receive adequate . . . food." *Young ex rel. Estate of Young v. Martin*, 51 F. App'x 509, 513 (6th Cir. 2002) (quoting *Farmer*, 511 U.S. at 832). However, as this Court has previously observed,

> [i]n numerous cases, courts have held that a single incident or occasional instances of spoiled food or food poisoning does not amount to an Eighth Amendment violation. *See Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010) ("A single incident of food poisoning . . . does not constitute a violation of the constitutional rights of the prisoner affected." (footnote omitted)); *Charvis v. Fairman*, 51 F.3d 275 (7th Cir. 1995) (occasional service of spoiled food cannot be said to deprive inmates of basic nutritional needs); *Balcar v. Smith*, No. 3:16-CV-P428-DJH, 2017 WL 380931, *5 (W.D. Ky. Jan. 26, 2017) (holding that occasional service of spoiled food does not violate Eighth Amendment); *Velthuyson v. Aramark Corr. Servs., Inc.*, No 2:24-cv-192, 2017 WL 236191, *2 (W.D. Mich. Jan. 19, 2017) (a number of isolated instances of being served spoiled or cold food do not constitute a sufficiently serious deprivation to implicate the Eighth Amendment); *Wilson v. Byrd*, No. 15-00160-KD-N, 2016 WL 1573265, at *7 (S.D. Ala. Mar. 14, 2016) ("Taking Plaintiff's allegation as true, that he became ill from tainted food served at Holman on December 26, 2013, does not, alone, amount to a constitutional deprivation."); *Bennett v. Misner*, No. 02-1662-HA, 2004 WL 2091473, at *20 (D. Or. Sept. 17, 2004) ("Neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eight Amendment violation."), *aff'd*, 180 F. App'x. 732 (9th Cir. 2006); *Seymour/Jones v. Oldt*, No. 90-1583, 1990 WL 29721, at *1 (E.D. Pa. Mar. 16, 1990) (holding that the plaintiff failed to state a claim because "a single unintentional instance of food poisoning, which, though undoubtedly unpleasant, does not rise to the level of a violation of his civil rights").

*Turner v. Gilbertson*, No. 2:17-cv-65, 2017 WL 1457051, at *7 (W.D. Mich. Apr. 25, 2017). Therefore, Plaintiff's allegation that he and other prisoners became sick after being served rotten food on one unidentified occasion does not rise to an extreme deprivation required to state an Eighth Amendment claim.

Accordingly, for each of the foregoing reasons, Plaintiff's complaint fails to state a claim upon which relief can be granted.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the full appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the full appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: February 19, 2025                    /s/ Hala Y. Jarbou
                                            HALA Y. JARBOU
                                            CHIEF UNITED STATES DISTRICT JUDGE